**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

LISA R. MURPHY                                                                          PETITIONER
ADC #760343

v.                                                   1:19cv00091-BSM-JJV

TONI BRADLY; *et al.*                                                                RESPONDENTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Petitioner Lisa R. Murphy, an inmate at the McPherson Unit of the Arkansas Department of Correction ("ADC"), brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]  (Doc. No. 2.)  She claims she has been found guilty of multiple disciplinaries throughout the years of her incarceration and all have been affirmed on appeal, in violation of her due process rights and ADC policy.  (*Id*. at 4-7.)  For relief, she asks that each of her disciplinaries be "scrutinized" and possibly reversed; she also requests immediate release, claiming she would have been released three years ago if not for the violations of ADC policy.[2]  (*Id*. at 7, 10.)

---

[1] Ms. Murphy's Petition purports to be pursuant to 28 U.S.C. § 2241.  However, where a habeas petitioner is in custody pursuant to a state court judgment, she "can only obtain habeas relief through § 2254, no matter how [her] pleadings are styled."  *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *see also Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (section 2254 is "the only means by which 'a person in custody pursuant to the judgment of a State Court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence").  Accordingly, Ms. Murphy's Petition has been construed as being pursuant to § 2254.

[2] Additionally, Ms. Murphy requests monetary damages.  (Doc. No. 2 at 10.)  Habeas corpus is not an appropriate or available remedy for damages claims.  *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

I have conducted a preliminary review of Ms. Murphy's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed without prejudice.

## II.     ANALYSIS

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted. *Murphy*, 652 F.3d at 849. If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

Ms. Murphy has not exhausted her state court remedies, as she has failed to pursue any of several avenues available to her in state court. She could avail herself of the Arkansas Administrative Procedures Act ("APA"), which provides for judicial review of a state agency's administrative findings. *See* Ark. Code Ann. § 25-15-212. Despite its language to the contrary, the Arkansas Supreme Court has long held the Act is available to inmates making constitutional challenges. *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991). Ms. Murphy could have instituted proceedings under the APA by filing a petition in circuit court within thirty days after service of the ADC's final decision on each of her disciplinaries. Ark. Code Ann. § 25-15-212(b)(1). Because her habeas petition refers to multiple disciplinaries and she provides no dates, it is not clear whether her time for seeking redress under the APA has expired. Assuming it has, the failure to timely file provides an independent and adequate state-law ground and prevents habeas review. *See, e.g.*, *Armstrong*, 418 F.3d at 926. Alternatively, Ms. Murphy could challenge her disciplinaries and any resulting loss of good-time credit via a petition for writ of mandamus or a petition for declaratory judgment in state court. *See, e.g.*, *Graham v. Norris*, 340 Ark. 383, 10 S.W.3d 457 (2000) (petition for declaratory judgment and writ of mandamus to procure good-time credit); *Duncan v. State*, 337 Ark. 306, 987 S.W.2d 721 (1999) (petition for declaratory judgment and writ of mandamus to apply accrued good-time credit toward sentence).

Because these avenues of relief are available to Ms. Murphy – or were available, at the relevant time – and she has not pursued them, her claim is unexhausted. *See Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir. 1984) ("The question is usually whether state law provides any presently available state procedure for determining the merits of the petitioner's claim; not whether the state court would decide in favor of the petitioner on the merits.") When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the

4

prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Neither exception is applicable here. Ms. Murphy fails to allege or demonstrate either cause and prejudice or actual innocence.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Ms. Murphy's claim is unexhausted, dismissal is appropriate. If Ms. Murphy has information to show the exhaustion requirement should be excused, she should so state in her objections to this recommendation.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice.

2.      No certificate of appealability be issued.

DATED this 20th day of September 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE